# In the United States Court of Federal Claims

No. 21-1422
(Filed:  16 June 2022)
NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARRITA MURPHY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Marrita Murphy*, *pro se*, of Ranson, West Virginia.

*Kyle S. Beckrich*, Trial Attorney, with whom were *Eric P. Bruskin*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, *Brian M. Boynton*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C., for the defendant.

## ORDER

**HOLTE, Judge.**

*Pro se* plaintiff Marrita Murphy filed a complaint appealing the denial of her election for former spouse survivor benefits under the Survivor Benefit Plan ("SBP") by the Defense Finance and Accounting Service ("DFAS") and the Defense Office of Hearings and Appeals ("DOHA"). The government moved to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.  For the following reasons, the Court grants the government's motion to dismiss and dismisses plaintiff's complaint.

## I.  Background

### A.  Factual History

The Court draws the following facts from plaintiff's filings, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject

matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader.").

Plaintiff is the former spouse of Colonel Daniel Leveille. *See* Compl. at 2, ECF No. 1. Col. Leveille completed 20 years of service in the United States Air Force Reserve and became eligible to receive retired military pay once he reached 60 years of age in 2017. Def.'s Mot. Dismiss with App. ("Gov't MTD") at 2, ECF No. 9 (citing App. to Gov't MTD ("Gov't MTD App.") at 10 (4 May 2021 DOHA Reconsideration Decision)). In 2001, Col. Leveille established Survivor Benefit Plan ("SBP") coverage for plaintiff, his spouse at that time. *Id.* In 2007, plaintiff and Col. Leveille divorced and entered into a Marriage Settlement Agreement ("MSA"). *Id.* The MSA stated plaintiff would receive "1/2 of the community portion of [Col. Leveille's] USAF retirement with right of survivorship." *Id.* In 2008, the final divorce decree incorporated the MSA into a Domestic Relations Order ("DRO"), which the court later amended to state plaintiff "has the option of exercising her right of survivorship." *Id.*; Gov't MTD App. at 10–11 (4 May 2021 DOHA Reconsideration Decision). In December 2008, plaintiff mailed DFAS copies of the amended DRO, final decree of divorce, and later, copies of the MSA. Gov't MTD App. at 2 (10 Feb. 2021 DOHA Appeal Decision). Plaintiff then spoke with DFAS to request SBP former spouse coverage based on the divorce documents. *Id.* DFAS responded by advising plaintiff to submit her SBP former spouse coverage request to Headquarters, Air Reserve Personnel Center. *Id.*

Col. Leveille remarried on 10 November 2007. *Id.* When Col. Leveille applied to receive his retired pay in 2017, he updated his SBP beneficiary and "elected to cover his new spouse under the SBP." *Id.* at 11. Plaintiff became aware of the change and contacted DFAS stating she was awarded SBP former spouse coverage in the divorce. *Id.* at 3. DFAS responded to plaintiff "advising her the divorce decree on file did not award her former spouse SBP coverage and the member had not established such coverage for her." Gov't MTD App. at 11 (4 May 2021 DOHA Reconsideration Decision). Plaintiff submitted a claim for SBP coverage and "DFAS again denied her claim on the basis . . . the amended DRO . . . was insufficient to award her former spouse SBP coverage and the member did not voluntarily elect [SBP] coverage for her." *Id.* Plaintiff then filed in a Texas state district court requesting "a new order that would clearly direct Colonel Leveille to establish [SBP] former spouse coverage for [plaintiff]." *Id.* at 4 (10 Feb. 2021 DOHA Appeal Decision). The trial court denied plaintiff's motion and stated it lacked plenary power to amend or alter the divorce decree.[1] "The trial court concluded that there was nothing to clarify 'that would change anything[,]'" and the Court of Appeals for the First District of Texas affirmed. *See Murphy*, 2020 WL 2120005, at *5, *9.

On 3 December 2019, a few months after the Texas Court of Appeals decision, plaintiff appealed DFAS' denial to DOHA. *Id.* DOHA denied her claim due to the "passive nature of [the] provisions" in the amended DRO and the MSA, which it found insufficient to "direct Colonel Leveille to make an [SBP] former spouse election." *Id.* at 7–8. Plaintiff requested

---

[1] *See Murphy v. Leveille*, No. 01-19-00790-CV, 2020 WL 2120005, at *7 (Tex. App. May 5, 2020) ("Any motion to modify, correct, or reform a decree must be filed within thirty days after the date the decree is signed. *See* Tex. R. Civ. P. 329b. Thereafter, the trial court may not alter, amend, or modify the substantive division of the property in the divorce decree. *See* Tex. Fam. Code § 9.007. Thus, at the time of Murphy's 2019 motion, the trial court was without plenary power to amend or modify its 2008 Amended Final Decree and Amended DRO.").

reconsideration of the 10 February 2021 DOHA decision.  Gov't MTD App. at 10 (4 May 2021 DOHA Reconsideration Decision).  The DOHA Claims Appeal Board held "DFAS acted properly in refusing to accept [plaintiff's claim]" since the "language contained in both the MSA and the amended DRO did not direct [Col. Leveille] to take in [sic] any action in regard to electing former spouse SBP coverage for [plaintiff]."  *Id.* at 14.  The Board stated plaintiff "may have been awarded benefits by another federal agency," referring to her portion of Col. Leveille's retired pay, but "the SBP program is a separate insurance annuity, which requires an express election by the annuitant to provide a former spouse with benefits."  *Id.* at 13.  Thus, while the "amended DRO specifically set forth the details concerning [plaintiff's] right to a portion of [Col. Leveille's] retired pay," the Board "f[ound] the amended DRO . . . lack[ed] the specificity required to deem an election for former spouse coverage."  *Id.* at 14.[2]  The Board further noted the amended DRO limited "payment of [plaintiff's] portion of [Col. Leveille's] disposable retired pay . . . until the death of [Col. Leveille] or [plaintiff]."  *Id.*

Col. Leveille is currently living and has not elected SBP former spouse coverage for plaintiff.  *See* Gov't MTD App. at 16–19 (Department of Defense Advance Person Search, Daniel J. Leveille).  Plaintiff requests the Court:  (1) "[i]ssue an order for the Defense Finance and Accounting Service (DFAS) to enforce the Amended Final Decree of Divorce and correspondingly awarding [plaintiff] the DFAS survivor benefit annuity"; (2) "[i]ssue an order for DFAS to accept [plaintiff's] timely deemed survivor benefit election" as agreed upon in the divorce to "ensure the election perfection"; and (3) "award all costs associated with the improper denial of [plaintiff's] timely filed election for [SBP coverage]."  Compl. at 3.

## B.  Procedural History

Plaintiff filed her complaint on 1 June 2021.  *See* Compl. at 1.  The government filed a motion to dismiss on 2 August 2021.  *See* Gov't MTD.  Plaintiff responded to the government's motion to dismiss on 26 August 2021.  *See* Pl.'s Resp. Def.'s Mot. Dismiss (Pl.'s Resp. MTD"), ECF No. 10.  The government replied in support of its motion to dismiss on 13 September 2021.  *See* Def.'s Reply in Support of Its Mot. Dismiss ("Gov't Reply"), ECF No. 11.  On 22 September 2021, plaintiff filed a motion for leave to file a sur-reply with her sur-reply as attached as an exhibit.  Plaintiff's Mot. to Submit Sur-Reply In Support Of Subject Matter Jurisdiction, ECF No. 12; Plaintiff's Sur-Reply In Support Of Subject Matter Jurisdiction ("Pl.'s Sur-Reply"), ECF No. 12-1.  The government filed a response to plaintiff's motion for leave to file a sur-reply on 12 October 2021 and did not object to the Court granting plaintiff leave.  Def.'s Resp. Pl.'s Mot. for Leave to File Sur-Reply ("Gov't Resp. Mot. Sur-Reply"), ECF No. 13.  On 18 October 2021, plaintiff filed a reply to the government's response to her motion for leave to file a sur-reply.  Pl.'s Reply Def.'s Resp. Pl. Mot. for Leave to File Sur-Reply ("Pl.'s Reply Mot. Sur-Reply"),

---

[2] *See Woll v. United States*, 41 Fed. Cl. 371, 373 (1998) ("In order for plaintiff to qualify as a former spouse beneficiary, the divorce decree must have required Major Woll to provide former spouse SBP benefits to plaintiff. Alternatively, Major Woll must have expressly designated plaintiff as a former spouse beneficiary within one year after the date of the divorce.  The SBP program is a separate insurance annuity, which requires an express election by the annuitant to provide a former spouse with benefits." (citing 10 U.S.C. §§ 1448(b), (d)(3)).  In *Woll*, this court found although the plaintiff's divorce decree recited a right of survivorship in the military member's pension, and that right could refer only to SBP benefits, the designation did not expressly entitle her to SBP benefits or require the military member to make the election for her.  *Id.* at 374–76.  The plaintiff in *Woll* brought her claim after the military member had passed away.  *Id.* at 373.

ECF No. 14.  On 16 February 2022, the Court granted plaintiff's motion for leave to file a sur-reply, ordered supplemental briefing to clarify six issues identified through the briefing on the government's motion to dismiss, and stayed consideration of the government's motion to dismiss until supplemental briefing concluded.  *See* Order, ECF No. 15.  On 18 March 2022, the government filed its supplemental brief responding to the six questions in the Court's Order.  *See* Gov't Supp. Br., ECF No. 16.  Plaintiff filed her response on 18 April 2022, *see* Pl.'s Resp. Supp. Br., ECF No. 17, and the government filed its reply on 3 May 2022.  *See* Gov't Reply Supp. Br., ECF No. 18.  On 17 May 2022, plaintiff filed her sur-reply.  *See* Pl.'s Sur-Reply Supp. Br., ECF No. 19.

## II.  Parties' Arguments on the Government's Motion to Dismiss

### A.  Government's Arguments

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the government moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction.  Gov't MTD at 1.  The government argues the Court lacks subject matter jurisdiction over plaintiff's claims because:  (1) plaintiff "is not asking for money presently due her from the United States" and (2) even if plaintiff receives a "portion of Col. Leveille's retired pay," that does not entitle plaintiff to receive an SBP annuity because retired pay is "completely different . . . than the SBP" and cannot "show that she is presently entitled to an SBP annuity." *See* Gov't Reply at 2–3 (quoting *Jankovic v. United States*, 204 Ct. Cl. 807, 807 (1974)).

First, the government argues plaintiff "is not asking for money presently due [to her] from the United States," because the conditions creating a "right to compensation" under the SBP have not occurred.  Gov't MTD at 6 (quoting *Jankovic*, 204 Ct. Cl. at 807 and *Rood v. United States*, 63 Fed. Cl. 213, 218 (2004)).  The government contends plaintiff seeks for the "[C]ourt to adjudicate her eligibility to make a future claim for . . . money that may become available in the future."  *Id.*  "[A]ny annuity due to [plaintiff] under the SBP becomes effective the first day after the death of a service member who participated in the SBP," and Col. Leveille is still alive.  *Id.* at 5.  The government argues several precedential cases decided by the Claims Court, including *Jankovic*, 204 Cl. Ct. at 807, as well as the Federal Circuit's *Hart v. United States*, 910 F.2d 815 (Fed Cir. 1990), "support the proposition that unless Ms. Murphy can establish she is presently entitled to the survivor annuity, she has no claim within this Court's jurisdiction because her complaint would be merely seeking a declaratory judgment" which this Court does not have the authority to award.  Gov't Supp. Br. at 2.

Second, the government argues plaintiff does not have "a present entitlement to the SBP annuity" despite "currently receiving a portion of Col. Leveille's retired pay."  Gov't Reply at 2.  The government states retired military pay "is a completely different statutory framework with a different purpose than the SBP," thus it is "incorrect" for plaintiff to "conflate retired pay with the SBP annuity."  *Id.* at 2–3.  The government is "not aware of any case law discussing the differences" between retired military pay and the SBP annuity, but the "differences between the two statutes are evident from the statutes themselves," citing history, statutory structure, and placement in the U.S. Code.  Gov't Supp. Br. at 4–7.

In response to the Court's order for supplemental briefing, the government also suggests "Ms. Murphy could attempt to seek APA review in a court possessing APA jurisdiction." *Id.* at 3. The government contends 5 U.S.C. §§ 702, 704 provides plaintiffs "suffering legal wrong because of agency action," or those "adversely affected or aggrieved by agency action within the meaning of a relevant statute," judicial review of "final agency action for which there is no other adequate remedy in a court." *Id.* If plaintiff survives Col. Leveille, the government concedes, plaintiff would not be barred by the Tucker Act's six-year statute of limitation because "it is not DFAS's denial of [plaintiff's] former spouse deemed election [that] triggers the statute of limitations for [plaintiff's] claim for the SBP annuity" but rather "the death of Col. Leveille." *Id.* at 3–4, 9. The government also states if plaintiff obtains a new divorce order, DFAS's one-year statutory requirement should not bar plaintiff's claim to an SBP annuity so long as plaintiff "submits a new deemed election request and a copy of [the] new order so they are received by DFAS within one year of the new order." *Id.* at 10.

The government rejects plaintiff's contention the claim must be presently adjudicated to prevent future denial of SBP benefits. Gov't Reply Supp. Br. at 2. The government makes three arguments on this point: (1) "Col. Leveille is currently paying SBP premiums out of his retired pay" though "the current beneficiary for the SBP is his current spouse"; (2) if plaintiff prevails on a future claim demonstrating SBP benefits are owed, any uncollected payments will not bar eligibility for the annuity as the outstanding premiums are merely deducted from the annuity; (3) accepting plaintiff's argument as true, "all her argument would prove is that Col Leveille presently owes money to the Government, not that the Government owes any money to her." *Id.*; Department of Defense Instruction (DoDI) 1332.42, § 10.7(c)(3) (Dec. 30, 2020).

## B. Plaintiff's Arguments

Plaintiff argues this Court has subject matter jurisdiction over her claims because "all that is required is a determination that the claim is founded upon a money mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." Pl.'s Resp. MTD at 4 (quoting *Bonewell v. United States*, 87 Fed. Cl. 413, 424 (2009) and citing *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008)). Plaintiff contends "[t]here is no further jurisdictional requirement." *Id.* Further, plaintiff argues she has a "present right in the continued annuity," a portion of Col. Leveille's retired pay, "and is supposed to continue until her death." Pl.'s Resp. MTD at 8. Plaintiff avers if "money presently due" is required to establish jurisdiction, plaintiff has a "present right in the continued annuity." *Id.* Thus, plaintiff alleges she is "not asking for a determination of her status in a future retirement benefit that she [is] not currently collecting," rather she is "presently asking the court for money now as the security interest in the SBP beneficiary [that] requires perfection now." *Id.* at 5, 8. Plaintiff alleges she has a "right to current compensation under the Amended Final Decree of Divorce pursuant to the money mandating statute Uniformed Services Former Spouse's Protection Act (USFSPA), 10 U.S.C. Chapter[ ] 71 § 1408." Pl.'s Sur-Reply at 1.

Plaintiff further argues that future SBP eligibility requires Col. Leveille to pay premiums presently due and until his death. Pl.'s Resp. Supp. Br. at 6. The payments "are due and ow[ed] by her former spouse right now." *Id.* This constitutes, according to plaintiff, a current right to

compensation sufficient to establish jurisdiction. *Id.* Moreover, plaintiff contends the Court must mandate Col. Leveille maintain SBP eligibility because "if the premiums are not paid for the SBP during her former spouse's lifetime there could be no opportunity for Murphy to collect a benefit at all following her former spouse's death." *Id.* Plaintiff distinguishes *Hart* on these grounds, arguing the present case requires judicial review of an ongoing failure to satisfy SBP requirements as opposed to a determination after the servicemember's death. Pl.'s Resp. Supp. Br. at 5; *see Hart v. United States*, 910 F.2d 815, 818 (Fed. Cir. 1990). Plaintiff also contends the dispute must be presently litigated as SBP eligibility for a former spouse requires an election within one year from the finalized divorce decree. *Id.* at 12; *see* Department of Defense Instruction (DoDI) 1332.42, § 5.2(a)(1) (Dec. 30, 2020). If plaintiff must wait until Col. Leveille dies to litigate the divorce decree, plaintiff argues she will be outside the one-year election requirement and permanently barred from receiving the SBP annuity. Pl.'s Resp. Supp. Br. at 12.

Plaintiff rejects government's contention retirement pay and SBP annuity payments are distinct military benefits. *Id.* at 8. According to plaintiff, "[a] former spouse is not eligible to receive a Survivor Benefit Plan annuity only, and not the retired pay." *Id.* at 8–9. Moreover, "[t]he retired pay of SBP participants is reduced in accordance with the type and number of designated beneficiaries." *Id.* at 8. Plaintiff argues there is no "mutual exclusivity between retired pay and an SBP annuity in the very same retired pay" and the two should be treated as a singular payment stream. *Id.* In this context, plaintiff argues the Court must "recognize the validly of the Murphy-Leveille signed settlement agreement" which should be controlling over the relevant statutory scheme. *Id.* at 11.

In support of adjudication in this Court, plaintiff also argues "the Administrative Procedure Act . . . does not have jurisdiction over SBP elections in order to collect premiums from a dead divorced spouse." Pl.'s Resp. Supp. Br. at 10. Finally, plaintiff claims the DFAS and DOHA reviews wrongfully construed her divorce settlement and required her to seek clarification in the Texas state district court. *Id.* at 14. Plaintiff seeks compensation for the associated litigation expenses amounting to $1,151.96. *Id.* In her sur-reply brief, plaintiff reiterates her positions outlined in her original supplemental brief. *See* Pl.'s Sur-Reply Supp. Br.

## III. Legal Standard of the Government's Motion to Dismiss

### A. Subject Matter Jurisdiction

In considering a motion to dismiss for lack of subject matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (per curiam) (citing RCFC 12(h)(3)).

The Court of Federal Claims is a court of limited jurisdiction. *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing *United States v. King*, 395 U.S. 1, 3 (1969)). Under the Tucker Act:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2018). Allegations must be "non-frivolous" and "founded upon a money-mandating source." *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309.

### B.  Pro Se Litigants

Pro se litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this Court has long recognized "the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The pro se plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts pro se in the drafting of her pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV.  Analysis of the Court's Jurisdiction Over Plaintiff's Claim

### A.  The Court's Jurisdiction is Limited to Claims Seeking Actual, Presently Due Money Damages

Throughout its entire history, "the only judgments which the Court of Claims [has been] authorized to render against the government . . . are judgments for money found due from the government to the petitioner." *United States v. Alire*, 73 U.S. 573, 575 (1867); *United States v. King*, 395 U.S. 1, 2 (1969). In *United States v. King*, the Supreme Court "articulated the now-canonical principle that a plaintiff must present a claim for 'actual, presently due money damages from the United States' to fall within the jurisdictional reach of the [Court of Federal Claims]." *Speed v. United States*, 97 Fed. Cl. 58, 66 (2011) (quoting *King*, 395 U.S. at 3). Less than a decade later, the Supreme Court in *United States v. Testan*, 424 U.S. 392, 398 (1976), restated the standard established in *King*: Court of Federal Claims jurisdiction extends only to claims for "actual, presently due money damages from the United States."

The "actual, presently due" standard is "both substantial and important" because relief outside "actual, presently due money damages from the United States" has historically never been within this Court's jurisdiction." *King*, 395 U.S. at 2–4. The Federal Circuit has declared,

"[t]he basic rule that the Supreme Court announced in *King* is still in effect and has not been changed by subsequent legislation." *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) (citations omitted).

## B.  When Monetary Relief Becomes Presently Due

"A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue . . . for his money.'" *Jones v. United States*, 7 F.4th 1376, 1379 (Fed. Cir. 2021), *opinion modified and superseded on reh'g,* 30 F.4th 1094 (Fed. Cir. 2022) (quoting *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc)).  The government's alleged liability is fixed when plaintiff's claim is "for money presently due, not requiring further action on anyone's part to create the entitlement thereto."  *Gentry v. United States*, 546 F.2d 343, 346 (Ct. Cl. 1976). This Court's jurisdiction extends to only claims in which the government's alleged liability is fixed.  *See Martinez*, 333 F.3d at 1303.

When plaintiffs seek an alleged government benefit, such as an SBP annuity, plaintiffs become "eligible to receive SBP annuity benefits" when "all events fixing the government's liability to [the service member's beneficiary] ha[ve] occurred."  *Hart v. United States*, 910 F.2d 815, 818 (Fed. Cir. 1990) (quoting *Kinsey v. United States*, 852 F.2d 556, 557 (Fed. Cir. 1988) and *Oceanic S.S. Co. v. United States*, 165 Ct. Cl. 217, 225 (1964)).  In *Hart*, because plaintiff's late husband, Sergeant Hart, "was enrolled in the [SBP], only one contingency remained before plaintiff became eligible to receive SBP annuity benefits, i.e., Sergeant Hart's death."  *Id.*  "As the statute specifically states, the annuity became due and payable to plaintiff the day after her husband's death.  Therefore, on the day after Sergeant Hart's death, all events fixing the government's liability to his widow had occurred." *Id.*  The Court's *Hart* decision accords with *Carman v. United States*, 221 Ct. Cl. 165, 168 (1979) where the Court held it lacked jurisdiction over a claim for sick leave credits brought by a current federal employee because the "mere crediting of sick leave to an employee's account . . . confers no present right to payment[.]"  *Id.* ("Where no money damages are presently due and owing, this court does not have jurisdiction over such a claim standing alone, *Jankovic v. United States*, 204 Ct. Cl. 807 (1974), for any judgment would be is the nature of a declaratory judgment which this court has no power to grant in the situation." (citing *King*, 395 U.S. at 3)).  Until "all the events have occurred which fix the liability of the United States and entitle the claimant to institute an action thereon," which includes the death of a service member for SBP annuities, a plaintiff's claim "has not accrued." *Baker v. United States*, 614 F.2d 263, 271 (Ct. Cl. 1980); *see also Hart*, 910 F.2d at 818.

This Court must reject "cart before the horse argument[s]."  *Bronger v. Off. of Pers. Mgmt.*, 740 F.2d 1552, 1556 n.14 (Fed. Cir. 1984), *on reh'g,* 769 F.2d 756 (Fed. Cir. 1985); *cf. Brown Park Ests.-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1455 (Fed. Cir. 1997) ("At each of these specific points in time [when the government failed to make a payment] the government's liability was fixed and appellants were entitled to institute an action.").  Thus, if a claim for adjudication "rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" *First Data Corp. v. Inselberg*, 870 F.3d 1367, 1375 (Fed. Cir. 2017) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)), plaintiff's "request for relief is

premature" and not within the jurisdiction of this Court.  *Prentiss v. United States*, 115 Ct. Cl. 78, 78 (1949).

### C.  Whether Monetary Relief is Presently Due to Plaintiff

Plaintiff advances numerous arguments throughout her briefing in support of the Court having jurisdiction over her claims.  The Court addresses each in turn below.

Plaintiff argues "[t]here is no further jurisdictional requirement that the court determine[s]" beyond "that the claim is founded upon a money mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source."  Pl.'s Resp. MTD at 4 (quoting *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309).  Plaintiff contends she meets the Court's jurisdictional bar because the "[SBP] is a money mandating statute" and plaintiff is "a member of a class eligible to request a security interest in the SBP deemed election."  *Id.* at 3.

As an initial matter, it is unclear whether plaintiff is "within the class of plaintiffs entitled to recover" under the SBP statutes.  *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309.  Col. Leveille is still living, he has not elected plaintiff as his SBP beneficiary, and three different tribunals have denied plaintiff's claim on five separate occasions.  *See* Gov't MTD App. at 16–19 (Department of Defense Advance Person Search, Daniel J. Leveille); *Id.* at 11, 15 (4 May 2021 DOHA Reconsideration Decision affirming the denial of her appeal and detailing the rejections of plaintiff's claim by DFAS and state court); 10 U.S.C. § 1450(a)(1) (2018) (SBP payments become "[e]ffective as of the first day after the death of [the service member] . . . paid to the person's beneficiaries").  Assuming, *arguendo*, plaintiff meets the jurisdictional hurdle described in *Jan's Helicopter Serv., Inc.* regardless, the case did not displace, or even address, the Supreme Court's "actual, presently due money" requirement for this Court to hear a claim.  *See Jan's Helicopter Serv., Inc.*, 525 F.3d at 1305, 1309 (discussing whether "appellants' claims fall within the terms of the Tucker Act's waiver of sovereign immunity, even if those claims are frivolous on the merits"); *King*, 395 U.S. at 3; *Testan*, 424 U.S. at 397.  The Supreme Court has explicitly and repeatedly stated this Court may only hear claims for "actual, presently due money damages from the [government]."  *King*, 395 U.S. at 3; *Testan*, 424 U.S. at 397.  Thus, the "nonfrivolous allegation" stemming from a "money-mandating source" requirement coexists with the "actual, presently due" money requirement; it does not replace it.  *See Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309.

Plaintiff contends her amended final decree of divorce establishes a "right to current compensation" based on receiving a portion of Col. Leveille's retired pay under the Uniformed Services Former Spouses' Protection Act (USFSPA).  Pl.'s Sur-Reply at 1; 10 U.S.C. § 1408. Even if the SBP annuities are technically distinct from USFSPA's "method of payment," plaintiff argues, "[i]t is irrelevant if the government pays the claim from the left pocket or the right pocket."  Pl.'s Sur-Reply at 2.  In response, the government contends SBP annuities are distinct from military pay; thus an "award of a portion of a member's disposable retired pay under the USFSPA does not mean the former spouse is entitled to an SBP annuity, and vice versa."  Gov't Supp. Br. at 6.

- 9 -

To determine if SBP entitlement stems from or connects to retired pay entitlement, the Court "must examine further the actual differences in the two statutory schemes." *Beer v. United States*, 696 F.3d 1174, 1183 (Fed. Cir. 2012). "The purpose of the Survivor Benefit Plan is to fund an annuity paid to a surviving spouse [or former spouse] and dependent children upon the servicemember's *death* . . . ." *Sumakeris v. United States*, 34 Fed. Cl. 246, 252 (1995), *aff'd*, 95 F.3d 1163 (Fed. Cir. 1996) (emphasis added). The purpose of the USFSPA is to "permit an ex-spouse to share in a portion of the service member's retired pay" while the servicemember is *alive* and receiving retired pay. *Fern v. United States*, 15 Cl. Ct. 580, 590 (1988), *aff'd*, 908 F.2d 955 (Fed. Cir. 1990). Congress created the SBP "to correct an anomaly in the otherwise comprehensive military benefits program which left survivors of retired military personnel without any source of income if a retired serviceman died" because the "right to retired pay of a member of the armed services terminates upon his death." *Barber ex. rel. Barber v. United States*, 676 F.2d 651, 654 (Ct. Cl. 1982); 48 Comp. Gen. 706, 707 (Apr. 25, 1969); 10 U.S.C. § 1408. The SBP is governed by an "elaborate statutory scheme" found in 10 U.S.C. §§ 1447–1455, *Woll*, 41 Fed. Cl. at 375, whereas USFSPA is found in 10 U.S.C. § 1408, *see Kelly v. United States*, 826 F.2d 1049, 1050 (Fed. Cir. 1987). What creates an entitlement to retired pay is distinct from the requirements to secure SBP entitlement, and what makes retired pay presently due is distinct from what makes SBP annuities presently due. *Compare Schussler v. United States*, 152 Fed. Cl. 207, 209 (2021) ("[F]or a surviving spouse of a veteran to receive SBP, the veteran must have been eligible for retirement[,] . . . have chosen SBP coverage[,] . . . and have paid premiums for the benefit[.]" (quoting *Sharp v. United States*, 580 F.3d 1234, 1236–37 (Fed. Cir. 2009))); *with Monroe v. United States*, 143 Fed. Cl. 315, 319 (2019) ("The Uniformed Services Former Spouses' Protection Act provides that the Department of Defense must commence payments upon. . . receipt of a court order that is facially valid, identifies the service-member, and complies with the Servicemember Civil Relief Act[.]"). Thus, a plaintiff's divorce decree may authorize him or her to obtain support, alimony, and division of military retired pay pursuant to § 1408, but because the SBP is a "separate insurance annuity," the "SBP benefits do not fall under any of [the] categories" listed in § 1408. *See Woll*, 41 Fed. Cl. at 375 (holding a service member's former spouse could be entitled to her ex-husband's retirement pay and also ineligible for SBP annuities for failure to meet the SBP's specific requirements); *Pence v. United States*, 52 Fed. Cl. 643, 648 (2002). SBP annuities are thus distinct from former spouse retired pay under USFSPA. *See Woll*, 41 Fed. Cl. at 375.

Plaintiff nonetheless contends *Barber ex. rel. Barber v. United States*, 676 F.2d 651 (Ct. Cl. 1982), supports this Court's exercise of jurisdiction to adjudicate her possible entitlement to SBP annuities. *See* Pl.'s Resp. MTD at 8. *Barber* states, "payment of a monthly annuity to the beneficiaries of each [SBP] participant is provided for in section 1450," and the "failure to pay these monthly annuities would give rise to a claim in this [C]ourt since the claimant would be suing for money improperly withheld . . . ." *Barber*, 676 F.2d at 654. Plaintiff argues *Barber* is on point with this case and establishes her right to ensure a portion of Col. Leveille's retired pay, which she is currently collecting, "continue[s] until her death." Pl.'s Resp. MTD at 8. Plaintiff's own quotation from *Barber* explains exactly the distinction with her position—"*failure to pay* these monthly annuities *would* give rise to a claim." Pl.'s Resp. MTD at 8 (quoting *Barber*, 676 F.2d at 654) (emphasis added). Even assuming the retirement pay plaintiff currently receives is the same as the SBP annuity plaintiff seeks—and as established above, it is not—plaintiff states repeatedly she "is currently receiving the annuity." *Id.* at 2. *Barber* "[q]uite clearly" states it is

- 10 -

the "failure to pay" which gives rise to a claim, and plaintiff does not allege any such lapse in payment has occurred. *Barber*, 676 F.2d at 654. Plaintiff likewise does not contend Col. Leveille has passed away, a necessary prerequisite for SBP payments. 10 U.S.C. § 1450(a)(1) (2018). Furthermore, *Barber* is distinguishable from this case. The jurisdictional issue in *Barber* was not whether plaintiffs sought presently due money but whether the violation of the statute outlining SBP coverage could be "fairly said to give rise to a claim for money damages." *Barber*, 676 F.2d at 654. Plaintiff's case differs from *Barber* in a critical way—money could be presently due to the plaintiffs in *Barber* because the service member establishing their SBP coverage had already died. *Id.* at 653. Plaintiff's claim cannot be for money presently due because Col. Leveille is living. *See* Gov't MTD at 26; *see also Hart*, 910 F.2d at 818; *Woll*, 41 Fed. Cl. at 375.

Plaintiff maintains her divorce decree should control even if the SBP statutory scheme is distinct from the USFSPA statutory scheme. Pl.'s Resp. Supp. Br. at 11. Plaintiff's interpretation of the Murphy-Leveille settlement agreement requires monthly payments until her death. *Id.* at 10. To guarantee continued monthly payments pursuant to this interpretation, plaintiff argues the Court must ignore the statutory distinction and require SBP annuity benefits. *Id.* at 11. Matters of military pay, however, are determined by statutory right. *See United States v. Larionoff*, 431 U.S. 864, 869 (1977) (citing *Bell v. United States*, 366 U.S. 393, 401 (1961)) (holding that servicemember benefits "must be determined by reference to the statutes and regulations"). Even if the Court were to adopt plaintiff's interpretation of the divorce decree—a question the Court does not address—the divorce decree cannot override the relevant statutory provisions. *Id.* The Court, therefore, rejects plaintiff's argument and holds that any determination regarding plaintiff's entitlement to military benefits vis-à-vis Col. Leveille "must be determined by reference to the statutes and regulations." *Id.*

Plaintiff also contends "the government inappropriately applies *Jankovic*" to plaintiff's "SBP security interest perfection" because she is "not asking for a determination of her status in a future retirement benefit that she is not currently collecting." Pl.'s Resp. MTD at 8. In *Jankovic*, plaintiff was "currently serving as an employee of the Department of State" and asked this Court to "compel the [government] to properly credit him with the full period of his employment service for the purpose of computing his retirement benefits." *Jankovic*, 204 Ct. Cl. at 807. The Court held it lacked jurisdiction because "plaintiff [was] not asking for money presently due him from the United States" as he had not yet retired. *Id.* (citing *King*, 395 U.S. at 3 and *Prentiss*, 115 Ct. Cl. at 81). "If the cause of action [in the Court of Federal Claims] ever accrues, it will do so only when plaintiff is presently entitled to retirement benefits." *Id*; *see also Carman*, 602 F.2d at 948; *Baker*, 614 F.2d at 271.

SBP payments become "[e]ffective as of the first day after the death of [the service member]" if the statutory requirements are met. *Hart*, 910 F.2d at 818 (quoting *Kinsey*, 852 F.2d at 557); *see Rood v. United States*, 63 Fed. Cl. 213, 218 (2004); 10 U.S.C. § 1448(b)(7)(A) (2018). An "interest in the Survivor Benefit Plan only accrues if [the service member] elects to pay a portion of his benefits into the Plan annuity for [the child, spouse, or former spouse's] benefit . . . and if [the service member] then predeceases [the beneficiary]." *Rood*, 63 Fed. Cl. at 218 (citing 10 U.S.C. §§ 1452, 1450 (2018)). If "neither of these conditions have occurred, [the beneficiary] does not have any current right to compensation." *Id.* Even if the possibility of

receiving the annuity "has value" and may accrue in the future, Pl.'s Resp. MTD at 5, "one must meet the statutory requirements for there to be any entitlement." *Holt v. United States*, 64 Fed. Cl. 215, 223, *dismissed,* 159 F. App'x 1004 (Fed. Cir. 2005). Plaintiff attempts to distinguish her claims from *Jankovic* and similar cases by conflating the retirement pay she currently receives with SBP annuities. *See* Pl.'s Resp. MTD at 8. The retirement pay plaintiff currently receives, as established above, is distinct from the SBP annuity; thus, entitlement to a continued portion of Col. Leveille's retired pay cannot give rise to an entitlement to SBP annuities. *See Woll*, 41 Fed. Cl. at 375. Col. Leveille is alive which leaves at least one of the required conditions to receive SBP annuities unsatisfied. *See Hart*, 910 F.2d at 818. Plaintiff, like the employee in *Jankovic*, asks this Court to grant relief where the cause of action has not yet accrued, and this Court lacks jurisdiction to do so. *Id.*; *see Baker*, 614 F.2d at 271.

Plaintiff asserts that her claim must be presently litigated because future SBP eligibility is contingent upon premiums Col. Leveille must pay now. Pl.'s Resp. Supp. Br. at 6. According to plaintiff, this satisfies the Supreme Court's "actual, presently due money" requirement. *King*, 395 U.S. at 3; *see Jan's Helicopter Serv., Inc.*, 525 F.3d at 1305, 1309. For the Court to have jurisdiction, the underlying litigation must be "for money found due from the government *to the petitioner*." *Alire*, 73 U.S. at 575 (emphasis added); *King*, 395 U.S. at 2. Plaintiff's request, however, would require the Court to mandate Col. Leveille pay premiums *to the government*. This would not be a claim for money "from the government to the petitioner," and therefore does not meet the Court's jurisdictional requirement. *Alire*, 73 U.S. at 575. Moreover, records indicate that Col. Leveille is currently paying SBP premiums, but has elected his current spouse as his beneficiary. Gov't Reply Supp. Br. App. at 1. As such, the only remedy satisfying plaintiff's prayer for relief would be a mandate that Col. Leveille change his currently elected SBP beneficiary. This amounts to a request for declaratory judgement, not monetary relief, which likewise falls outside the jurisdictional purview of the Court. *See Alire*, 73 U.S. at 575; *King*, 395 U.S. at 2, 5.

Plaintiff argues that DFAS and DOHA misconstrued her divorce decree and the Court should overturn the DFAS and DOHA decisions and require Col. Leveille elect plaintiff as his SBP beneficiary. Pl.'s Resp. Supp. Br. at 10; *but see Woll*, 41 Fed. Cl. 371 (holding that "survivorship rights" in the language of a divorce decree was insufficient to require an SPB former spouse election, even when the language was unambiguous and could only refer to SPB benefits). Review of these agency determinations, without "actual, presently due money damages from the [government]," *King*, 395 U.S. at 3, could only be pursuant to the Administrative Procedures Act. *See* 5 U.S.C § 702 (2018). The Court therefore cannot review the DFAS and DOHA decisions at this stage as the Court of Federal Claims "lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency's actions and to grant relief pursuant to the Administrative Procedure Act[.]" *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

### D.  Summary of Jurisdiction and Government Supplemental Contentions

If plaintiff's claim eventually accrues, the government's supplemental briefing concedes plaintiff's cause of action in this Court will not be barred by the Tucker Act's six-year statute of limitations so long as plaintiff files within six years of Col. Leveille's death as "it is not DFAS's

denial of [plaintiff's] former spouse deemed election request that triggers the statute of limitations . . . [, r]ather, . . . [it] is the death of Col. Leveille." Gov't Supp. Br. at 9. If plaintiff seeks review of DFAS's denial before she can seek relief in this Court, the government suggests plaintiff could "attempt to seek APA review in a court possessing APA jurisdiction." *Id.* at 3. A court possessing APA jurisdiction, the government contends, may serve as a viable avenue for review because the APA provides plaintiffs "suffering legal wrong because of agency action," or those "adversely affected or aggrieved by agency action within the meaning of a relevant statute," judicial review of "final agency action for which there is no other adequate remedy in a court." *Id.* (quoting 5 U.S.C § 702). Although obtaining an amended divorce order is unlikely due to time bars under Texas law, the government also states if plaintiff obtains a new or amended divorce order, DFAS's one-year statutory requirement should not bar plaintiff's claim to an SBP annuity so long as plaintiff "submits a new deemed election request and a copy of [the] new order so they are received by DFAS within one year of the new order." *Id.* at 7–10; *see also* Tex. R. Civ. P. 329b.; Tex. Fam. Code § 9.007.

Even if it "could not be any clearer" plaintiff was to be Col. Leveille's SBP beneficiary, Compl. at 2, plaintiff's claim for monetary relief is based on "contingent future events that may not occur as anticipated, or indeed may not occur at all," which puts plaintiff's claim outside this Court's jurisdiction. *First Data Corporation*, 870 F.3d at 1375 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see also Hart*, 910 F.2d at 818. As the Court lacks jurisdiction over plaintiff's claim, the Court does not reach the merits of the DFAS and DOHA decisions, and accordingly does not reach plaintiff's request for state court litigation expenses resulting from those decisions. *See* Pl.'s Resp. Supp. Br. at 14. For the foregoing reasons, the Court grants the government's motion to dismiss.

## V. Conclusion

The Court has considered all of plaintiff's arguments. To the extent not discussed specifically herein, plaintiff's other arguments are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. Plaintiff fails to establish subject matter jurisdiction. The Court **GRANTS** the government's motion to dismiss and **DISMISSES** plaintiff's complaint. The Clerk is **DIRECTED** to enter judgment dismissing plaintiff's complaint.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge